1  Gustavo Ponce, Esq.
2  Nevada Bar No. 15084
   Mona Amini, Esq.
3  Nevada Bar No. 15381
4  **KAZEROUNI LAW GROUP, APC**
   6940 S. Cimarron Rd., Suite 210
5  Las Vegas, Nevada 89113
6  Telephone: (800) 400-6808
   Facsimile:  (800) 520-5523
7  E-mail: gustavo@kazlg.com
8  E-mail: mona@kazlg.com

9  *Attorneys for Plaintiff*
10 *Erin Robertson*



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON, individually and on behalf of all others similarly situated, | Case No.: 3:24-cv-00439-ART-CSD |
| Plaintiff, | **JOINT STIPULATION AND ORDER EXTENDING CASE DEADLINES AND DEFENDANT'S ANSWER DEADLINE** |
| v. | |
| FIDELITY LIFE ASSOCIATION, | **(PARTIES' FIRST REQUEST)** |
| Defendant. | |

///

///

///

Plaintiff ERIN ROBERTSON ("Plaintiff") and Defendant FIDELITY LIFE ASSOCIATION ("Defendant"), (jointly all as the "Parties"), hereby jointly move to extend Defendant's time to respond to the Complaint by fifteen (15) days and all other case deadlines by a period of one hundred and fifty (150) days, following the decision from this Court on Defendant's Motion to Dismiss (ECF No. 32). The requested extension will allow the Parties to discuss potential resolution as well as allow the Parties adequate time to conduct class and other discovery if a resolution is not obtained. The Parties have conferred and agree that this extension is supported by good cause as the most reasonable, most economical, and least burdensome way to proceed in this case.

## I. Good Cause for Extension

On September 19, 2025, this Court denied Defendant's January 21, 2025 Motion to Dismiss (ECF No. 32). While that motion was pending, the Parties prudently limited activity to exchanging initial disclosures and deferred further discovery in order to conserve resources that may not have been necessary to expend if the motion to dismiss was granted. Now that the pleadings are settled, the Parties seek time to commensurate with the original scheduling order to:

- Conduct written discovery, including class discovery;
- Take fact and third-party depositions;
- Brief dispositive motions;
- Address potential expert discovery; and
- Explore potential resolution.

Good cause exists for this requested extension because it will enable the Parties to efficiently complete necessary discovery, reduce the likelihood of discovery disputes, and potentially engage in meaningful settlement discussions before expending additional resources. *See, e.g.*, *Coffee v. Wyndham Resort Dev. Corp.*, No. 2:20-CV-1352-APG-DJA, 2021 WL 537239 (D. Nev. Jan. 15, 2021). The Parties also agree that the very modest 15-day extension to Defendant's Answer deadline is

appropriate, as it will not prejudice any party and will facilitate the orderly investigation of the factual allegations and affirmative defenses in this case.

## II. Procedural History

1. Plaintiff filed her Complaint on September 25, 2024 (ECF No. 1).
2. On November 21, 2024, Defendant obtained an extension to respond to the Complaint (ECF No. 4).
3. On January 21, 2025, Defendant moved to dismiss (ECF No. 13).
4. On January 31, 2025, the Court granted the Parties' stipulation to extend briefing deadlines (ECF No. 16).
5. Plaintiff filed her Opposition on February 18, 2025 (ECF No. 20).
6. On February 24, 2025, the Court granted Defendant's request to extend time to file its Reply (ECF No. 25).
7. Defendant filed its Reply on March 4, 2025 (ECF No. 31).
8. On September 19, 2025, the Court denied Defendant's Motion to Dismiss (ECF No. 32).
9. This is the Parties' first request to extend the Scheduling Order deadlines (ECF No. 28).

## III. Discovery Position

To date, the Parties have exchanged initial disclosures and conferred regarding the scope of discovery, but in light of Defendant's pending Motion to Dismiss, the Parties mutually agreed to conserve resources by deferring propounding full written discovery and depositions, given that the substantial time and expense required to conduct such discovery would not be required if the Motion to Dismiss were granted. With the Motion to Dismiss now resolved, the Parties seek a modest extension of time to allow them to complete discovery, including written interrogatories and document requests, third-party subpoenas, and depositions of fact witnesses and Rule 30(b)(6) designees. The Parties also anticipate that expert discovery may be required. Additional time is therefore necessary to allow the Parties to fully and fairly complete

discovery, address any issues that may arise, and meaningfully explore resolution before incurring the expense of expert work and trial preparation.

### IV. Good Faith Request

This is the Parties' first request for an extension. The request is made jointly, in good faith, and not for purposes of delay. No party will be prejudiced; to the contrary, granting additional time will promote judicial economy by allowing the case to proceed in an orderly and efficient manner, reducing the likelihood of unnecessary motion practice, and giving the Parties the opportunity to address discovery issues cooperatively and in good faith rather than through piecemeal disputes or rushed deadlines.

### V. Current Deadlines and Proposed Deadlines

The current deadlines per the Amended Stipulated Discovery Plan and Scheduling Order are as follows:

| | |
|---|---|
| Defendant's Answer Deadline | 10/06/2025 |
| Deadline to File Motion for Class Certification | 11/21/2025 |
| Deadline to Disclose Expert Disclosures | 12/21/2025 |
| Discovery Cut-off | 2/19/2026 |
| Deadline to File Dispositive Motions | 3/20/2026 |
| Pre-Trial Order | 4/20/2026 |

For the reasons explained in this Stipulation, the Parties request adoption of the following deadlines:

| | |
|---|---|
| Defendant's Answer Deadline | **10/21/2025** |
| Deadline to File Motion for Class Certification | **4/20/2026** |
| Deadline to Disclose Expert Disclosures | **5/20/2026** |
| Discovery Cut-off | **7/20/2026** |
| Deadline to File Dispositive Motions | **8/17/2026** |

The parties request that the deadline for filing a joint pretrial order be set no later than **9/17/2026** or thirty (30) days after the date set for filing dispositive

motions. If any Party files a dispositive motion, the Parties request that the date for filing the joint pretrial order be suspended until thirty (30) days after decision on the dispositive motion or further order of the Court.

WHEREFORE, Plaintiff and Defendant respectfully request this Honorable Court (1) extend deadlines in the present matter as set forth above; and (2) reissue a new Scheduling Order to reflect the requested extension.

DATED: 9/30/2025                                                  DATED: 9/30/2025

**KAZEROUNI LAW GROUP, APC**                **PERKINS COIE LLP**

By: */s/ Gustavo Ponce*
Gustavo Ponce, Esq.
Mona Amini, Esq.                                              By: */s/ James Snell*
6940 S. Cimarron Rd., Suite 210                James G. Snell (*pro hac vice*)
Las Vegas, Nevada 89113                          Saroop Kaur Sandhu (*pro hac vice*)
*Attorneys for Plaintiff*                                 3150 Porter Drive
                                                                              Palo Alto, California 94304-1212

**KING SCOW KOCH DURHAM LLC**
David R. Koch,
11500 S. Eastern Ave., Suite 210
Henderson, Nevada 89052
*Attorneys for Defendant*

### ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 1, 2025